Writ granted. Court of appeal judgment reversed. Trial court judgment reinstated. The contract to purchase does not require anything other than a licensed expert’s visual inspection in connection with the clause which obliged the seller to provide “a wood destroying pest inspection report from a licensed pest control firm prior to closing.” The court of appeal erred in finding the clause ambiguous and construing it so as to require a pest control firm to undertake a destructive inspection in search of hidden termite infestation. The court of appeal’s interpretation is contrary to the usage of practice regularly observed in residential real estate transactions and would lead to the absurd consequence of making sellers damage their homes to demonstrate the lack of hidden defects. La.Civ.C. Articles 2046, 2053 and 2055. Therefore, we conclude that the sellers complied with their obligation to provide the prescribed pest inspection report. They also complied with their agreement by applying extermination treatment to the single minor area of infestation shown on the report that affected a small spot on one board of the house. Because the wood destroying pest inspection report did not reveal any structural damage caused by wood destroying pests, the sellers were not required to make any pest related repairs prior to closing. Consequently, the purchasers’ failure to perform their obligation under the contract to buy and sell was unjustified, and the trial court correctly awarded the sellers damages for breach of contract.
CALOGERO, C.J., and LEMMON and KIMBALL, JJ., would grant and docket for argument.
JOHNSON, J., not on panel.